IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ERASMO BANDA CASTILLO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, Secretary of the U.S. | § | CIVIL ACTION NO. 9:25-CV-00353 |
| Department of Homeland Security; PAM | § | JUDGE MICHAEL J. TRUNCALE |
| BONDI, Attorney General of the United States; | § | |
| BRET BRADFORD, Houston Field Office | § | |
| Director, Immigration and Customs | § | |
| Enforcement and Removal Operations; and | § | |
| ALENXANDER SANCHEZ, Warden of the | § | |
| IAH Secure Adult Detention Facility, in their | § | |
| official capacities, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Erasmo Banda Castillo's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Erasmo Banda Castillo ("Castillo") is an El Salvadorian national. [Dkt. 1 at ¶ 12]. On December 6, 2025, United States Immigration and Customs Enforcement ("ICE") detained Castillo. *Id.*

On December 23, 2025, Castillo brought this habeas corpus petition, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 1].

---

[1] 8 U.S.C. § 1101 et seq.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Castillo appears to challenge the legality of his detention on two separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 1 at ¶ 23]. Second, Castillo argues that his detention in violation of the INA violates due process. *Id.* at ¶ 31.[2]

Castillo first challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1 at ¶ 23]. His challenge is misplaced, since at least two sections of the INA— section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C.

---

[2] Castillo's Petition can also be read as challenging his detention as indefinite. [Dkt. 1 at ¶ 28]. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. This six month period has not elapsed; Castillo was detained on December 6, 2025, approximately one month ago. He therefore has the burden, and he has not carried it.

§ 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Castillo argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Castillo is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 1 at ¶ 24].[3]

## IV. CONCLUSION

Because Castillo has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Castillo's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of January, 2026.**

Michael J. Truncale
United States District Judge

---

[3] Castillo's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.